# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07-CV-00323-MR

APLIX, INC.,
a Delaware Corporation,

        Plaintiff,

   v.

VELCRO USA INC.,
a Delaware Corporation,

        Defendant.

## PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.    In this action and any related proceedings (collectively, the "Proceedings"), at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 5 below) and "Attorneys' Eyes Only" Information (as defined in paragraph 6 below).

The Parties also anticipate seeking additional Confidential and "Attorneys' Eyes Only" Information during discovery and that there will be questioning concerning Confidential and "Attorneys' Eyes Only" Information in the course of depositions. The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential and "Attorneys' Eyes Only" Information except as set forth herein.

2. This Protective Order shall govern all documents, materials, items, testimony or information that are designated "Confidential Information" or "Attorneys' Eyes Only" in accordance with this Protective Order, regardless of whether they are stored in electronic or paper form submitted to the Court in connection with a hearing or trial, or produced, formally or informally, by a Party or non-Party, Confidential and Attorney Eyes Only Information shall only be used for the purposes of these Proceedings and not for any other purpose. Notwithstanding the foregoing, nothing herein shall limit in any manner a Party's use or disclosure of its own information.

3. The terms of this Protective Order shall apply to all manner and means of disclosure of information in discovery, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents and tangible things.

4. "Document" shall include without limitation any records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, computer code, databases, version

control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing.

5. "Confidential Information" means information that a Disclosing Party in good faith believes (i) is not in the public domain (i.e., not generally known and not reasonably ascertainable by proper means) and (ii) contains trade secrets or other proprietary or confidential research, development, marketing, financial, technical or commercial information, including without limitation any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom.

6. "Attorneys' Eyes Only Information" is defined herein as such Confidential Information that the Disclosing Party in good faith believes would cause direct harm to the competitive position of the Disclosing Party if such Confidential Information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the business, commercial or financial interests of the Disclosing Party.

7. "Disclosing Party" is defined herein as any Party or non-Party who is requested to produce or produces their own Documents or other information in connection with the conduct of the Action.

8. "Receiving Party" is defined herein as any individual who has received information designated as Confidential or Attorneys' Eyes Only pursuant to this Protective Order.

9. Where Confidential or Attorneys' Eyes Only Information is produced, provided or otherwise disclosed by a Disclosing Party in response to any discovery request and/or subpoena, it will be designated in the following manner:

(a) By imprinting the word "Confidential" or "Attorneys' Eyes Only" on the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production;

(b) By imprinting the word "Confidential" or "Attorneys' Eyes Only" next to or above any response to a discovery request; and

(c) With respect to transcribed testimony, by designating such testimony as "Confidential" or "Attorneys' Eyes Only" on the record at the time of taking such testimony, or by giving written notice to opposing counsel designating such testimony or portions thereof as "Confidential" or "Attorneys' Eyes Only" no later than fifteen calendar days after receipt of the transcribed testimony.

10. A Disclosing Party may designate information as "Attorneys' Eyes Only" if the information that it has regularly treated as, and in good faith believes contains, Attorneys Eyes' Only information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(7). Documents, testimony, information and other things designated Attorneys' Eyes Only may be disclosed only to the Qualified Persons as identified in subsections (a) through (f) of Paragraph 12 of this Protective Order. A Receiving Party shall treat information as Attorneys'

Eyes Only under this Protective Order, as soon as a Disclosing Party so designates the information.

11. All Confidential Information shall not be disclosed or made available by the receiving party to any person other than:

 (a) The Court in this action, personnel thereof, and stenographic reporters engaged in trial and pre-trial proceedings, including depositions and hearings;

 (b) The Receiving Party's outside litigation counsel of record and clerical, paralegal and secretarial staff employed by such counsel who are engaged in assisting such attorneys in the prosecution or defense of this action;

 (c) Non-technical trial consultants and graphics or design services retained by counsel of record for the purpose of preparing demonstrative or other exhibits; and

 (d) Representatives of the Receiving Party and bona fide outside experts and consultants used by the receiving party, provided that, prior to any such disclosure, each such representative and/or expert:

  (i) receives a copy of this Order; and

  (ii) executes the form annexed hereto as Exhibit A, acknowledging receipt of and agreeing to be bound by the terms of this Order. A copy of

all such acknowledgments shall be provided to all counsel of record upon execution thereof in accordance with the procedure set forth in paragraph 13.

(e) Witnesses, for the purpose of eliciting testimony from them in any deposition, hearing or trial in this case, and counsel actually representing such witnesses, provided that such witnesses and their counsel shall not retain copies of such documents, materials, or information, shall not use such documents, materials, or information other than in connection with this case and shall not disclose them to anyone else, and that any such witness and their counsel agree, in writing, to be bound by the terms of this Protective Order by executing Exhibit A attached hereto.

12. Further, all Confidential Information designated "Attorneys' Eyes Only" shall not be disclosed or made available by the receiving party to any person other than:

(a) The Court in this action, personnel thereof, and stenographic reporters engaged in trial and pre-trial proceedings, including depositions and hearings;

(b) The receiving party's outside litigation counsel of record and clerical, paralegal and secretarial staff employed by such counsel who are engaged in assisting such attorneys in the prosecution or defense of this action;

(c) Non-technical trial consultants and graphics or design services retained by counsel of record for the purpose of preparing demonstrative or other exhibits;

(d) All technical experts that have executed Exhibit A of this Protective Order and have been approved by the procedure set forth in paragraph 13; and

(e) Any other person permitted to review such Confidential Information by express written agreement of the parties.

13. In the event that either Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of these Proceedings, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Confidential or Attorneys Eyes' Only, then such disclosure shall be permitted only under the following conditions:

(a) Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof.

(b) Five business days prior to disclosure of such Confidential or Attorneys' Eyes Only information, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae (which shall include at a minimum such consultant's or expert's education and work history, including a list of all entities for which the consultant or expert has been employed either as a consultant, expert or employee during the past five years, and all matters (by case name or with reference to the parties involved) that the consultant or expert has ever been engaged to act as a consultant or expert) shall be delivered to outside litigation counsel for the Disclosing Party, in the manner agreed to by the Parties to these Proceedings for service of all documents or if no agreement has been made, in the manner

provided for service under the Federal Rules of Civil Procedure, along with a statement that the Exhibit and curriculum vitae are being served in accordance with this paragraph of the Protective Order. Upon request of the Disclosing Party within the five business days provided herein, the Receiving Party shall be required to provide such other additional information as the Disclosing Party identifies as reasonably necessary to permit the Disclosing Party to assess any conflicts or objection to the proposed consultant or party.

    (c)  In the event that the Disclosing Party objects to disclosure of its Confidential or Attorneys' Eyes Only information to the independent consultant or expert, the Disclosing Party shall deliver, in the manner agreed to by the Parties to these Proceedings for service of all documents or if no agreement has been made, in the manner provided for service under the Federal Rules of Civil Procedure, a notice of objection to the opposing Party within five business days from actual receipt of the materials required to be served under subparagraph (b) of this paragraph. In such event, disclosure of the information shall not be made until the Parties agree in writing that such disclosure may be made or the Court issues an order or ruling that such disclosure is permitted. The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection. Failure to give notice of objection within five business days from actual receipt of the materials required to be served under subparagraph (b) of this paragraph shall operate as a waiver of the objection, unless a reason and ground for an objection becomes apparent after such time which reason and ground was not known to the Disclosing Party at the time of the identification of the consultant or expert by the Receiving Party as provided in subparagraph (b) of this paragraph. A request for additional information by the Disclosing Party as set forth in the last sentence of subparagraph (b) of this paragraph shall be considered an objection under this subparagraph (c), and the provision of the requested

information by the Receiving Party shall be considered a new notification of the potential disclosure to a consultant or expert, triggering the same time frames for non-disclosure and objection as set forth in subparagraphs (b) and (c) of this paragraph.

(d) Unless the dispute is resolved by agreement between the Parties, the Party seeking disclosure may move for a ruling by the Court on the dispute. The Disclosing Party shall have the burden of establishing that the disclosure should not be permitted.

14. At the conclusion of the work of such experts, consultants, counsel, or other persons described above in paragraph 12, all confidential documents, materials, or information, and all copies, prints, and negatives, shall be returned to the attorneys who retained the expert or consultant or otherwise provided access to the confidential documents, materials, or information within sixty days after the conclusion of these Proceedings.

15. Individuals authorized to review Confidential or Attorneys' Eyes Only Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge it, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

16. The Party's counsel who discloses Confidential or Attorneys' Eyes Only Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of the information.

17. During the pendency of this action, counsel may upon court order or agreement of the parties obtained from opposing counsel the names the people whom have had access to Confidential or Attorneys' Eyes Only Information in order to establish the source of an unauthorized disclosure of Confidential Information.

18. No copies of Confidential or Attorneys' Eyes Only Information shall be made except by or on behalf of counsel in this litigation and other persons as identified in subsections (a) through (f) of paragraph 12 and such copies shall be made and used solely for purposes of this litigation.

19. No party hereto shall be bound by this Protective Order as to any information that it possessed prior to this action, unless the information was obtained from the other party under circumstances requiring the first party to treat it as confidential. Any party claiming that information designated by the other party as confidential has been in the possession of such first party or has been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

20. Any confidential documents, materials and information produced during discovery and/or offered and/or admitted into evidence during pre-trial proceedings, trial or post-trial proceedings, and any testimony relating to such confidential documents, materials and information and any papers filed with the court in this action, which attach, include, or summarize any such confidential information, shall be sealed and protected from disclosure by this Protective Order and neither Plaintiff or Defendant shall attack the propriety of the sealing or protection of such confidential documents, materials and information or evidence after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute

resolution.  Such productions an/or offerings and/or admissions into evidence do not waive the terms of this Protective Order.

      21.    If opposing counsel objects to the designation of certain information as Confidential or Attorneys' Eyes Only Information, he or she shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt all counsel are unable to resolve their dispute, counsel objecting to the designation of the information as Confidential or Attorneys' Eyes Only may move for an order requesting de-designation. The information shall continue to have Confidential or Attorneys' Eyes Only Information status from the time it is produced until the ruling by the Court on the motion. In any proceeding regarding Confidential or Attorneys' Eyes Only Information, the party claiming information as Confidential or Attorneys' Eyes Only shall have the burden of so proving.

      22.    If Confidential or Attorneys' Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every reasonable effort to prevent further disclosure by the recipient of the information.  In the event any Confidential or Attorneys' Eyes Only Information is disclosed inadvertently, without the applicable confidential designation, the disclosing party shall be

entitled to provide notice to all other parties that the inadvertently disclosed information is to be deemed Confidential or Attorneys' Eyes Only , and such information will thereafter be treated as such under the terms of this Protective Order.  However, no recipient of Confidential or Attorneys' Eyes Only Information which is not properly marked shall be liable for any disclosure or use prior to the time of receipt of notice of the confidential character of such information.

23. At the trial, Confidential or Attorneys' Eyes Only Information may be utilized, but the disclosing party may request the Court to make such orders as appropriate to protect competitive advantages or needs.  In the event Confidential or Attorneys' Eyes Only Information is used in any court filing or proceeding in this action including, but not limited to, its use at trial, it shall not lose its confidential status as between the parties through such use.  If Confidential or Attorneys' Eyes Only Information is filed with the Court, it shall be filed under seal, marked with reference to this Protective Order and, except upon order of this Court, shall not be opened or viewed by anyone except Court personnel.

24. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential or Attorneys' Eyes Only Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order in the Proceedings.

25. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

26. Within sixty days of termination of the Proceedings, including any appeals, each Party's counsel shall immediately return to the Disclosing party or certify the destruction of all Confidential or Attorneys' Eyes Only Information provided subject to this Protective Order, and

all extracts, abstracts, charts, summaries, notes or copies made therefrom, except that outside litigation counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, memoranda, notes and other work product materials which contain or refer to Confidential and Attorneys' Eyes Only information.

27. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential or Attorneys' Eyes Only Information shall be treated at trial.

28. Acceptance by a party of any information, document, or thing identified as "Confidential" or "Attorneys' Eyes Only" hereunder shall not constitute a concession that the information, document or thing is, in fact, confidential.

29. Fed.R.Civ.P. 26(b)(5)(B) shall govern the handling of any inadvertently produced privileged materials or materials otherwise protected from production based on a claim of privilege (attorney client, work product or other privilege). For purposes of this Protective Order, the reference in the Rule to a receiving party shall correspond to the Receiving Party of this Protective Order and reference in the Rule to a Producing Party shall correspond to the Disclosing Party of this Protective Order.

30. Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties, orders such disclosure.

31. If a third party, another court or an administrative agency subpoenas or orders production by a Receiving Party of documents or information designated for protection under this Protective Order, the Receiving Party shall notify, by providing a copy of the subpoena or order along with a written statement that the Receiving Party is providing the notice required under this paragraph 30, each and every Disclosing Party whose documents or information are called for of the pendency of such subpoena or order at least five (5) court days prior to the return date specified in the subpoena or order for production of documents if possible, but in any event, at least prior to the return date to permit each Disclosing Party to make, file and/or lodge any objections to the subpoena or order. In addition, the Receiving Party shall, no less than five (5) court days prior to any actual disclosure of any documents or information designated for protection under this Protective Order, provide written notice to each and every Disclosing Party of the precise scope of the disclosure the Receiving Party intends to make (by providing identification by production number or by specifically naming each and every document the Receiving Party intends to disclose), the entity to whom the Receiving Party intends to make the disclosure to and a specific identification of the subpoena or order which the Receiving Party believes requires the disclosure.

32. The terms of this Protective Order shall survive termination of this action.

**SO ORDERED**.

Signed: November 27, 2007

_____
David C. Keesler
United States Magistrate Judge

**SO STIPULATED:**

| | |
|---|---|
| s/ Stephen S. Ashley, Jr. | Date: November 26, 2007 |
| W. Thad Adams, III | |
| Stephen S. Ashley, Jr. | |
| ADAMS EVANS P.A. | |
| Suite 2350 Charlotte Plaza | |
| 201 S. College Street | |
| Charlotte, NC 28244 | |
| Telephone: (704) 375-9249 | |
| Fax: (704) 375-0729 | |
| ssa@adamspat.com | |
| wta@adamspat.com | |

*Plaintiff's counsel*

s/William R. Terpening	Date: November 26, 2007
William R. Terpening
ANDERSON TERPENING PLLC
409 East Boulevard
Charlotte, NC 28203
704-372-7370
704-372-7411 (fax)
Wt@houseofdefense.com

Craig R. Smith
Christopher R. Dillon
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
617-542-5070
617-542-8906 (fax)
csmith@fr.com

*Defendant's counsel*

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CV-00323-MR

| | |
|---|---|
| APLIX, INC., <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> VELCRO USA INC., <br> a Delaware Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**CONFIDENTIALITY AGREEMENT**

I, _____, declare that:

1. My address is_____.

2. My present occupation is_____,

and I am currently employed by _____. I have

been retained by _____ with respect to this litigation.

A true copy of my curriculum vitae is attached (attach only if your are a retained expert).

3. Having read and understood the Stipulated Protective Order entered into by the parties in the above-entitled action governing the restricted use of confidential documents and the contents thereof and other confidential information and materials obtained from the Stipulating Parties, I hereby agree to be bound by the terms thereof.

4. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated Confidential or Attorneys' Eyes Only under this Protective Order, excepts as expressly permitted in this Protective Order.

5. I declare under penalty of perjury that the foregoing is true and correct.

DATED this _____ day of _____, _____.

_____
Name (Typed or Printed)

_____
Signature